# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0086 | **DATE** | March 30, 2011 |
| **CASE TITLE** | Moises Bahena (2009-1016222) vs. Mr. Sims, P.A. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel (Dkt. No. [8]) is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Moises Bahena, presently a detainee at the Cook County Jail, alleges that Defendants, physical assistant Sims and Cermak Health Services, were deliberately indifferent to an objectively serious medical injury. Pending before the Court is Plaintiff's motion for appointment of counsel. (Dkt. No. 8). This motion is denied without prejudice.

"There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent a plaintiff, the court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruitt*, 503 F.3d at 654-55). The court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff states that he has unsuccessfully contacted several law firms seeking representation. He has satisfied the first element of the test.

However, under the second element of the test — the complexity of the case and whether the plaintiff appears competent to litigate it on his own — the Court concludes that recruitment of counsel for Plaintiff is not necessary at this time. "The question [for this Court] is whether the [P]laintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers Plaintiff's "competence to litigate his own case," including his "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff claims that he needs help because he has limited English skills and this is a complex medical case. The case is in a simple procedural posture at this time. Plaintiff has successfully filed a complaint and

| STATEMENT |
|---|
| the Marshal is in the process of effectuating service on the Defendants.  Service, which was issued on February 11, 2011, was effectuated on Sims on March 16, 2011, and is presently pending against Cermak Health Services.  There is no need for appointment of counsel at this time. |