UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOISES BAHENA,  )
  )
       Plaintiff,  )
  )
vs.  )     11 C 86
  )
MR. SIMS, P.A., CERMAK HEALTH  )
SERVICES AT COOK COUNTY JAIL,  )
  )
       Defendants.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant Kevin Sims' ("Sims") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the motion is granted.

## BACKGROUND[1]

Plaintiff Moises Bahena ("Bahena"), at all relevant times, was a pre-trial detainee at the Cook County Department of Corrections ("CCDOC"). On July 28, 2010, Bahena fell in the shower at the CCDOC, thereby injuring his head, shoulder, arm, left elbow, and back. Due to the fall, Bahena felt that his left shoulder was out of place and allegedly experienced pain, numbness in his finger, and a bump on his head. Bahena

---

[1] Unless otherwise stated, the following facts are undisputed for purposes of summary judgment.

reported the incident to a correctional officer and a guard escorted Bahena to Cermak Health Services of Cook County ("Cermak"). The doctor ordered x-rays and gave Bahena pain medication. X-rays of Bahena's left shoulder, left elbow, and left scapula did not reveal any fractures, dislocations, or acute injuries but indicated mild arthritis in Bahena's left shoulder. A couple of weeks later, Bahena complained that he was still experiencing pain and a doctor at Cermak prescribed him pain medication.

Defendant Sims, a licensed Physician's Assistant employed by Cermak for approximately eighteen years, treated Bahena from September 2010 to January 2011. On September 14, 2010, Bahena saw Sims for a follow-up examination after he had a foreign body removed from his ear in August 2010. Because Bahena complained of dental pain, Sims performed an oral examination, referred him to a dentist, and prescribed pain medication. Bahena also requested to see an eye doctor, so Sims referred Bahena to the Ophthalmology Clinic at Cermak. Significantly, Bahena did not complain of shoulder pain.

During October 2010, Bahena requested to see a doctor for neck and back pain and filed two complaints regarding his continued pain. Bahena received no pain medication for most of October and November 2010 but was scheduled for a medical appointment.

On November 30, 2010, Sims prescribed pain medication to Bahena. On January 10, 2011, the last time Sims treated Bahena, Bahena complained of shoulder pain and

problems with his left eye. Sims examined Bahena's left shoulder and observed tenderness, full range of motion, and no deformity. Sims opined that Bahena had chronic shoulder pain in his left shoulder, decreased visual acuity, and high blood pressure. Sims prescribed medication for Bahena's pain and high blood pressure and referred him to the Ophthalmology Clinic at Cermak.

Although Bahena was receiving pain medication, on January 29, 2011, Bahena filed a grievance requesting to see a doctor for his left shoulder pain. On March 4, 2011, Bahena was treated by Dr. de Funiak at Cermak, who diagnosed Bahena with arthritis in his left shoulder and high blood pressure. Dr. de Funiak renewed Bahena's prescriptions for high blood pressure and pain. Bahena continued to complain of shoulder pain in another grievance filed on March 21, 2011. On April 6, 2011, Bahena was treated by Dr. Baker at Cermak, who diagnosed Bahena with hypertension and left shoulder pain, increased the dosage of Bahena's pain medication, and ordered that Bahena receive physical therapy.

From the date of his injury, Bahena was treated for shoulder pain on approximately six occasions. From January 10, 2011 until Bahena was transferred out of the CCDOC on April 8, 2011, Bahena continuously received pain medication.

On February 10, 2011, Bahena filed a complaint under 42 U.S.C. § 1983, alleging inadequate medical care. Generously construing the complaint, Bahena alleges that

Sims failed to continuously treat Bahena's pain, failed to order physical therapy, and denied Bahena medical care. Sims now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391-92 (7th Cir. 2011). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010). When considering a summary judgment motion, a court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

## DISCUSSION

Deliberate indifference to a prisoner's serious medical needs is prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A claim for deliberate indifference contains both an objective and a subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, the plaintiff must demonstrate that he or she suffers from an objectively serious medical condition. *Id.* To satisfy the subjective component, the plaintiff must demonstrate that

the prison official disregarded a known, substantial risk of harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Sims argues that Bahena did not suffer from an objectively serious medical condition because the x-rays did not reveal any fractures, dislocations, or acute injuries and Bahena's shoulder had full range of motion. A medical condition is objectively serious if the medical professional diagnoses the condition as requiring treatment and the failure to treat the condition would result in an unnecessary and wanton infliction of pain. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Despite the results of the x-ray, Sims diagnosed Bahena with chronic shoulder pain including tenderness and arthritis. Further, Sims found Bahena's diagnosis sufficiently serious to prescribe pain medication. Accordingly, a reasonable jury could find that Bahena had an objectively serious medical condition.

Sims also argues that he was not deliberately indifferent to Bahena's medical needs. A court examines the totality of the inmate's care when considering whether that care evidences deliberate indifference. *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997). Bahena received treatment for shoulder pain on six occasions and, on each occasion, the medical professional prescribed pain medication. Although Bahena complains of the lack of pain medication in October and November 2010, Bahena had not previously complained of shoulder pain to Sims (the only defendant in this case) and Sims immediately prescribed pain medication once he learned of Bahena's shoulder

pain on November 30, 2010. Sims again prescribed Bahena pain medication on January 10, 2011, and Bahena consistently received pain medication until he was transferred out of the CCDOC on April 8, 2011. The undisputed facts therefore demonstrate that Sims, who continuously treated Bahena's shoulder pain with medication, was not deliberately indifferent to Bahena's medical condition. As a final matter, Bahena cannot challenge Sims' decision to prescribe pain medication rather than order physical therapy because no evidence suggests that Sims' decision was so blatantly inappropriate as to evidence intentional mistreatment. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.").

## CONCLUSION

For the foregoing reasons, this Court grants Sims' motion for summary judgment.

Charles P. Kocoras
United States District Judge

Dated: February 7, 2012